NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., Plaintiff, v. PK WELDING LLC D/B/A MECHANICAL SERVICES, UNITED COOLING AND REFRIGERATION, INC., AMERICAN ALTERNATIVE INSURANCE CORPORATION, ABC COMPANIES 1-10 (representing currently unknown entities responsible for the negligent work) AND ABC INSURANCE COMPANIES 1-10 (representing currently unknown insurers responsible for providing additional insured coverage for plaintiff), Defendants. | **OPINION** Civ. No. 16-02804 (WHW)(CLW) |

**Walls, Senior District Judge**

Defendant American Alternative Insurance Corporation ("AAIC") moves for summary judgment under Fed. R. Civ. P. 56. ECF No. 37. Plaintiff Jones Lang Lasalle Americas, Inc., ("Jones Lang") and Defendant United Cooling and Refrigeration, Inc. ("United") oppose the motion. ECF Nos. 38–39. The Court decides this motion without oral argument under Fed. R. Civ. P. 78. AAIC's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a dispute about liability insurance coverage. It arises out of property damage to an air conditioning chiller unit at Honeywell International Inc. ("Honeywell") headquarters allegedly caused by Defendant PK Welding LLC ("PK Mechanical") and/ or its subcontractor United. Honeywell headquarters is managed by Plaintiff, Jones Lang. Jones Lang and Honeywell

first entered into a property management agreement on January 15, 2007 (the "Property Management Agreement"), and thereafter on January 1, 2013 (the "Facilities Management Services Agreement"). *See* Declaration of Michael J. Rossignol ("Rossignol Decl."), ECF No. 39-1, Exs. C & D. Under the operative management agreements, Plaintiff's responsibilities included managing and arranging for the repair of building-related equipment located at the property. *See id.*

On October 28, 2009, Plaintiff entered into a Service Contract Agreement with Defendant PK Mechanical. *See* ECF No. 39, Ex. E. The agreement provided, among other things, that PK Mechanical perform services in accordance with industry standards, provide on-site supervision for performance of contract duties, and indemnify Honeywell and Jones Lang for losses "arising from" their performance of "Contract Duties." *See id.* Specifically, the indemnification provision read:

> To the fullest extent permitted by applicable law, [PK Mechanical] shall defend, indemnify and hold harmless [Honeywell] and [Jones Lang] . . . from and against any and all liabilities, obligations, claims, demands, causes of action, losses, expenses, damages, fines, judgments, settlements and penalties, including without limitation costs, expenses and attorneys' fees . . . arising out of, based upon, or occasioned by or in connection with: (a) [PK Mechanical's] performance of (or failure to perform) the Contract Duties; (b) a violation of any laws or any negligence, gross negligence or willful misconduct by [PK Mechanical] or its affiliates, subcontractors, agents or employees during the performance of the Contract Duties; and/ or (c) a breach of this agreement by [PK Mechanical] or any of its affiliates, subcontractors, agents or employees.

*Id.* Exhibit C of the Service Contract Agreement required PK Mechanical to maintain, among other things, primary and noncontributory commercial general liability insurance with limits of $1,000,000 per occurrence and $5,000,000 annual aggregate. *See id.* Exhibit C of the Service Contractor Agreement also required PK Mechanical to include Plaintiff as an additional insured under PK Mechanical's commercial general liability insurance policy. *See id.*

By its terms, the Service Contract Agreement expired October 31, 2011, but in or around February 2012, Jones Lang and PK Mechanical, entered into Amendment One to the Service Contract Agreement ("Amendment One"), effective retroactively to November 1, 2011, which extended the term of the Service Contractor Agreement through October 31, 2014. *See id.* at Ex. F. Thereafter, in or around July 2013, Plaintiff and PK Mechanical entered into Amendment Two to the Service Contract Agreement, which specifically updated the Contract Duties to include "HVAC[,] Mechanical [and] Electrical" work. *Id.* at Ex. G. *See id.* at Ex. G.

As required by the Service Contract Agreement, PK Mechanical obtained a commercial general liability coverage insurance policy from American Alternative Insurance Corporation ("AAIC"). *See id.* at Ex. A. AAIC and Jones Lang agree that Jones Lang was an additional insured under the PK Mechanical policy. ECF No. 37-1 ¶ 11; ECF No. 39 ¶ 11. The applicable additional insured endorsement to the AAIC policy reads:

> **Section II – Who is An Insured** is amended to in-clude as an additional insured the person(s) or Organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf: A. In the performance of your ongoing operations; or B. In connection with your premises owned by or rented to you.

ECF No. 37-7 at 3.

On or around July 13, 2013, a problem arose at Honeywell Headquarters with regard to an air conditioning chiller unit (the "Chiller"). ECF No. 39, Ex. H. Jones Lang conducted a bidding process to obtain quotes from contractors for repair of the Chiller, and eventually accepted PK Mechanical's bid. *See id.* On November 12, 2013 Jones Lang issued PK Mechanical a purchase order in the amount of $66,765 for the work. *See id.* at Ex. I. PK Mechanical then engaged United to provide services for the Chiller repair work. *See id.* at Ex. J.

The Chiller was catastrophically damaged during the course of the repair work. *See id.* at Ex. H. As a result, Honeywell purchased a replacement Chiller for $544,264.35. *Id.*

On September 30, 2014, Honeywell advised Jones Lang that it was making a claim against it under the Facilities Management Services Agreement for the cost of the replacement Chiller. *See id.* On October 15, 2014 Plaintiff Jones Lang tendered a written claim and demand for defense and indemnification to PK Mechanical under Sections 7 and 8 of the Service Contractor Agreement. *See id.* at Ex. K. Plaintiff's claim also demanded that the matter be reported to PK Mechanical's insurance carrier, AAIC. *Id.* On November 7, 2014, AAIC responded to Jones Lang's October 15th demand stating that AAIC was in the process of investigating the claim and that Plaintiff's demand was premature. *Id.* at Ex. L.

On March 11, 2015, Jones Lang requested that AAIC reconsider its determination and renewed its request that AAIC indemnify Plaintiff for the claim asserted against it by Honeywell. *Id.* at Ex. M. On May 1, 2015, AAIC rejected Plaintiff's renewed claim for indemnification as an additional insured under the AAIC policy. *Id.* at Ex. N. Among other things, AAIC claimed that PK Mechanical was under no obligation to name Jones Lang as an additional insured under the Service Contractor Agreement, which AAIC believed expired in 2011. Jones Lang responded to AAIC's May 1st letter by providing copies of Amendments One and Two to the Service Contractor Agreement, which demonstrate the extension of the Agreement and the addition of HVAC, electrical, and mechanical work to the definition of Contract Duties. *See id.* at Ex. O. On or about January 13, 2016, Plaintiff paid Honeywell $544,264.35, the full amount of the claim asserted against Jones Lang in Honeywell's September 30, 2014 letter. *See id.* at Ex. P.

On May 18, 2016, Plaintiff filed its Complaint against PK Mechanical, United, and AAIC. ECF No. 1. The Complaint asserts several breach of contract claims against PK

Mechanical related to the Service Contractor Agreement, *id.* at 59–79, 94–95, and a negligence claim against PK Mechanical and United, resulting from their work repairing the Chiller, *id.* at 80–83. As relevant to this motion, the Complaint charges AAIC with breach of its coverage obligations contained in the AAIC Policy as it applies to Plaintiff as an additional insured, *id.* at ¶¶ 88–93, and seeks a declaratory judgment as to Plaintiff's rights as an additional insured under the AAIC Policy, *id.* at 84–87. Plaintiff seeks damages from AAIC for allegedly improperly disclaiming coverage for Plaintiff under the AAIC Policy, including recovery for the $544,264.35 Plaintiff paid to Honeywell, the costs of its defense and investigation of the Honeywell claim, and the costs and fees incurred litigating the present lawsuit. *Id.* at ¶¶ 83, 87.

Following the filing of the Complaint, the parties began discovery, the status of which has been raised by Plaintiff and United as grounds for denial of AAIC's summary judgment motion. *See* ECF No. 38 at 3–7; ECF No. 39 at 13. According to Jones Lang and United, AAIC has not made its Initial Disclosures under Rule 26(a) or responded to written discovery requests, which were due January 31, 2017. ECF No. 38 ¶¶ 2–9; ECF No. 39 ¶¶ 35–38. AAIC does not deny that it has not complied with the aforementioned discovery requests, but it states that it "has no information in addition to that which its insured PK [Mechanical] has already provided." ECF No. 41 at 2.

On March 30, 2017, AAIC filed for summary judgment, arguing that its continued presence in the case is not proper because "it is not disputed that the AAIC policy covering PK for liability will provide the funds necessary to indemnify plaintiff should plaintiff prevail on its claim that PK was liable for the damages proved by plaintiff." Plaintiff Jones Lang and Defendant United both filed oppositions to AAIC's motion on April 17, 2017. ECF Nos. 38–39. United simply argues that AAIC's motion for summary judgment is premature due to its failure

to provide discovery. ECF No. 38 at 3–7. Specifically, United argues that AAIC "has not provided a full copy of the certified policy of insurance afforded to PK Mechanical in effect at the time the subject incident occurred. *Id.* at 6. United contends it needs this policy "to determine whether United Cooling is entitled to additional insured coverage under the AAIC policy. *Id.* In response to Defendant AAIC, Plaintiff argues: (1) AAIC's motion is premature for failure to provide discovery; (2) there are genuine issues of material fact as to liability for the accident, which must be settled before summary judgment is appropriate; and (3) AAIC's legal authority does not support AAIC's argument that its continued presence in the case is improper. ECF No. 39 at 13–19.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. "[W]here the nonmoving party bears the burden of proof, it must by affidavits, or by the depositions and admissions on file make a showing sufficient to establish the existence of every element essential to that party's case." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir. 1988) (quoting *Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 142 (3d Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))) (internal quotation marks omitted).

**DISCUSSION**

AAIC contends that the Court should grant summary judgment and dismiss it from the lawsuit because Jones Lang, as an additional insured under the AAIC policy, "is covered only where the named insured, in this case PK [Mechanical], is liable for the damages caused." ECF No. 37-2 at 2. AAIC cites only one case, *Pennsville Shopping Center Corporation v. American Motorist Insurance Company*, 315 N.J. Super. 519 (App. Div. 1998), which it claims demonstrates that Jones Lange "would have no coverage under the additional insured provision in the [AAIC] policy" absent a determination that PK Mechanical is liable to Plaintiff for damages. ECF No. 37-2 at 2. Following this reasoning, AAIC maintains "it is not proper or fair" for the Plaintiff to refuse to dismiss AAIC from the lawsuit where "it has been agreed that if [Plaintiff] prevail[s] on [its] claim against PK [Mechanical] [it] will be reimbursed, and "if [Jones Lang] do[es] not prevail in [its] case against PK [Mechanical] the law as expressed by the Court in *Pennsville* bars [its] claim against AAIC." *Id.*

Jones Lange, joined in part by Defendant United, responds that AAIC's motion is "premature and misguided." ECF No. 39 at 16. Plaintiff and United argue that AAIC's motion is premature because AAIC has "failed to provide even a minimum of disclosure or discovery." *Id.* at 13; ECF No. 38 at 3–7. Plaintiff maintains that AAIC's motion for summary judgment is misguided because AAIC fundamentally misunderstands Plaintiff's claims against it. ECF No. 39 at 1. According to Plaintiff, AAIC's motion does not appreciate that Plaintiff is suing AAIC both vicariously and directly. *Id.* at 13. Additionally, Plaintiff calls AAIC's reliance on *Pennsville* misguided because it argues *Pennsville* "does not bear on the issues" in this case. *Id.* at 17. Finally, Plaintiff asserts that AAIC's motion must fail because there are genuine issues of material fact as to liability for the accident, which must be settled before summary judgment is appropriate. ECF No 39. at 12.

**1. AAIC's Failure to Serve Initial Disclosures and Provide Discovery Does Not Preclude Summary Judgment**

Plaintiff Jones Lang and Defendant United first object to AAIC's motion for summary judgment because AAIC failed to comply with initial disclosures under Fed. R. Civ. P. 26(a) and participate in required discovery. ECF No. 38 at 4–7; ECF No. 39 at 13. AAIC responds that "it has no information in addition to that which its insured PK [Mechanical] has already provided" and that "there is nothing additional which can be provided which is relevant to the determination of the issue under consideration." In its opposition, Jones Lang does not identify any categories of discovery or specific documents it seeks from AAIC. ECF No. 39 at 13. United's response specifically identifies that "AAIC has not provided a full copy of the certified policy of insurance afforded to PK Mechanical in effect at the time the subject incident occurred. ECF No. 38 at 6.

Fed. R. Civ. P. 56(d)[1] allows district courts to defer consideration of or deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Third Circuit case law makes clear that to prevail under Rule 56(d) the nonmovant "must identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained.'" *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988) (citations omitted); *see also Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987) (noting that nonmovant must show a need for discovery and identify what material facts will be uncovered); *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (noting nonmovant must specify what discovery is needed and why it had not previously been obtained).

AAIC does not contest that it has not provided disclosures or discovery responses to Jones Lang and United. ECF No. 41 at 2. AAIC simply responds that it does not have information to provide, which has not already been provided to Jones Lang and United through the named insured, PK Mechanical. *Id.* Under Rule 56(d), Jones Lang and United have the burden to identify with specificity the information sought, and how it would preclude summary judgment. United contends that AAIC has not provided a "full copy of the certified policy of insurance afforded to PK Mechanical in effect at the time the subject incident occurred." ECF No. 38 at 6. But a full copy of the insurance policy afforded to PK Mechanical at the time of the subject incident appears to be attached as Exhibit A to the Rossignol Declaration submitted by Jones Lang in support of its opposition to AAIC's motion for summary judgment. See ECF No. 39-2. Additionally, United does not argue that the full AAIC policy would raise a genuine

---

1 The 2010 Advisory Committee notes to Fed. R. Civ. P. 56(d) clarifies that Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)."

dispute as to any material fact. Instead, United claims the policy is necessary to help it "determine whether United Cooling is entitled to additional insured coverage under the AAIC policy" and evaluate whether its "Answer should be amended to include a crossclaim for contractual indemnification against AAIC." These purposes are unrelated to the present summary judgment motion. The Court therefore declines to deny AAIC's motion for summary judgment as premature.

**2. There is a Genuine Issue of Material Fact**

Jones Lang argues that AAIC's motion for summary judgment should be denied because "there are disputed issues of material fact that require a jury determination." ECF No. 39 at 11. In its brief, Jones Lang points to two facts it argues are highly disputed and essential to determination of its claims against AAIC: (1) PK Mechanical and United's liability for the underlying property damage and (2) Plaintiff's entitlement to coverage under the AAIC policy. *Id.* at 12. Jones Lang claims AAIC concedes a genuine dispute of material fact in its moving papers, which acknowledge that PK Mechanical's liability has not been determined. *Id.* As such, Jones Lang insists the motion should be denied on its face. *Id.*

To evaluate whether summary judgment is warranted, the Court looks to each claim on which summary judgment is sought to determine if there is a genuine dispute as to any material fact with regard to that claim. Fed. R. Civ. P. 56(a).[2] Jones Lang asserts two claims against AAIC. First, Jones Lang seeks a declaration that (1) it is entitled to coverage under the AAIC Policy for the costs of defense, investigation and settlement of the claim asserted against it by Honeywell, (2) that AAIC's refusal to provide coverage for such losses is in violation of the Policy, and (3) awarding recovery, including fees and costs, against AAIC. ECF No. 1 ¶¶ 86–87.

---

2 AAIC does not specifically address each claim asserted against it by Jones Lang because AAIC maintains that it has no responsibility to Plaintiff if Plaintiff does not prevail against PK Mechanical. ECF No. 37-2 at 1.

Second, Jones Lang maintains a claim against AAIC for breach of contract stemming from AAIC's "refus[al] to reimburse Plaintiff for its payment to Honeywell under the Policy." *Id.* ¶ 91.

Though Plaintiff claims that PK Mechanical's liability and Plaintiff's entitlement to coverage under the AAIC Policy are both facts in dispute, the reality is that the scope of Plaintiff's coverage under the AAIC Policy is a legal question to be decided by the Court. At bottom, the issue is whether the disputed fact of PK Mechanical's liability for damage to the Chiller precludes summary judgment on Plaintiff's claims against AAIC.

AAIC argues that the disputed fact of PK Mechanical's liability should not preclude summary judgment where AAIC stipulates that coverage exists if PK's liability is established and does not exist if PK is found not liable. ECF No. 37-2 at 2–3. In support of this position, AAIC only cites *Pennsville Shopping Ctr. Corp. v. Am. Motorist Ins. Co.*, where the New Jersey Superior Court, Appellate Division, found that a plaintiff insurance carrier and its insured, landlord, were not entitled to defense and indemnification from the defendant carrier and its insured, tenant, despite the landlord's status as an additional insured on the tenant's insurance policy, where the parties had expressly agreed in their lease that the area where the subject tort occurred was the sole responsibility of the landlord. 315 N.J. Super. at 521–23. AAIC insists *Pennsville* has the effect of obviating Plaintiff's claims against AAIC because if Jones Lang "do[es] not prevail in [its] case against PK [Mechanical], the law as expressed by the Court in *Pennsville* bars their claim against AAIC. ECF No. 37-2 at 3.

Plaintiff replies with two arguments. First, Plaintiff argues that AAIC conflates Plaintiff's claims against it, by failing to understand that AAIC owes obligations to Plaintiff directly under the AAIC policy. ECF No. 39 at 13–14. Second, Plaintiff argues that *Pennsville* has no bearing

on this case because it represents a wholly different factual scenario from the one present here. *Id.* at 16–19. The Court agrees.

Generally, an insurer has a duty to defend and indemnify an insured when the occurrence which caused the damage or injury, although not foreseen or expected, was in the contemplation of the parties to the applicable insurance contract. *Harrah's Atlantic City, Inc. v. Harleysville Ins. Co.*, 288 N.J. Super 152, 158 (App. Div. 1996) However, AAIC argues that under *Pennsville*, a plaintiff must prove that the named insured is responsible for any alleged damages before an additional insured can make a claim for additional insured coverage. ECF No. 37-2 at 2. AAIC's argument misunderstands *Pennsville*, which does not bear on the issues in this case.

*Pennsville* was a coverage dispute between insurance carriers. 315 N.J. Super. 519, 521. Plaintiff carrier provided liability coverage to the landlord of a shopping center. *Id.* Defendant carrier insured a tenant, which operated a supermarket in the shopping center. *Id.* One of the tenant's customers was injured by a fall in the shopping center parking lot. *Id.* The landlord's insurance carrier then sued the tenant's insurance carrier, asserting that that carrier had a duty to defend and indemnify the landlord based on the lease and landlord's status as an additional insured on the tenant's insurance contract. *Id.* at 522. The *Pennsville* Court found that, unlike many other New Jersey cases, the tenant's carrier had no duty to defend or indemnify, because "irrespective of the language of provisions of tenant's insurance policy covering landlord as an additional insured, tenant could not be seen to be providing any indemnification to landlord for damages sustained because of a condition for which tenant bore no responsibility at all and which, to the contrary, the parties had expressly agreed in their lease was the sole responsibility of landlord." *Id.* at 523. The Pennsville Court made clear that its decision finding no duty to defend or indemnify was based on an interpretation of the underlying lease agreement, which

foreclosed additional insurance coverage to the landlord for accidents occurring in the parking lot; the landlord having agreed to indemnify the tenant for any such accidents. *Id.* at 523.

While the *Pennsville* Court considered the scope of an insurance contract's application to an additional insured, it does not support summary judgment for AAIC in this case. Neither the indemnification agreement nor the insurance contracts in *Pennsville* resembled the one in the present case. Moreover, the *Pennsville* Court recognized that its conclusion that the plaintiff-landlord had no defense or indemnification as an additional insured to the tenant's insurance policy was out of line with many other New Jersey cases. 315 N.J. Super. 519 at 522 (distinguishing *Harrah's Atlantic City, Inc. v. Harleysville Ins. Co.*, 288 N.J. Super 152 (App. Div. 1996) and *Franklin Mutual Ins. Co. v. Security Indemnity Ins. Co.*, 275 N.J. Super. 335 (App. Div.) *certif. denied*, 139 N.J. 185 (1994)).

By contrast, courts interpreting language nearly identical to that employed in the AAIC additional insured endorsement, ECF No. 37-7 at 3, have concluded that additional insureds are due defense and indemnification. *See, e.g., Friedland v. First Specialty Ins. Corp.*, ESX-L-1455, slip op. at 14 (N.J. Super. Ct. Law Div. Aug. 3, 2016) (finding a duty to defend and indemnify an additional insured if fault of named insured alleged in the pleadings and named insured party acting on its behalf is found at least 1% liable); *Capital City Real Estate, LLC v. Certain Underwriters at Lloyd's London*, 788 F.3d 375, 380 (4th Cir. 2015) (construing the endorsement language "caused in whole, or in part, by" to mean that an insurer has a duty to defend an additional insured if the underlying claim alleges that the named insured or someone acting on its behalf proximately caused the injury and damage); *Pro Con, Inc., v. Interstate Fire & Cas. Co.*, 794 F. Supp. 2d 242, 256–57 (D. Me. 2011) (concluding "by including the language 'in whole or in part' in its [Additional Insured Endorsement], [the insurance company] specifically intended

coverage for additional insureds to extend to occurrences attributable in part to acts or omissions by both the named insured *and* the additional insured"). These cases illustrate that *Pennsville* does not foreclose Plaintiff's breach of contract and declaratory judgment claims against AAIC.

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). PK Mechanical's liability remains a disputed fact necessary to resolve Plaintiff's breach of contract and declaratory judgment claims. *See, e.g.*, *Pro Con*, 794 F. Supp. 2d at 257 n.16 (refusing to consider an insurer's duty to indemnify an additional insured on a motion for summary judgment while liability of the named insured is undetermined); *WBI Energy Transmission, Inc. v. Colony Ins. Co.*, 56 F. Supp. 3d 1194, 1205 (D. Mont. 2014) (deferring a determination as to the duty to indemnify pending a determination of liability against the named insured); Summary judgment is denied.

**CONCLUSION**

Defendant AAIC's motion for summary judgment, ECF No. 37, is denied. An appropriate order follows.

DATE: 22 June 2017

William H. Walls
Senior United States District Court Judge